UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| OFFICE OF LAWYERS<br>PROFESSIONAL RESPONSIBILITY,<br><br>Plaintiff,<br><br>v.<br><br>JILL CLARK,<br>Defendant. | Civil No. 12-1373 (JRT/AJB)<br><br>**ORDER** |

Martin A. Cole and Craig Donald Klausing, **OFFICE OF LAWYERS PROFESSIONAL RESPONSIBILITY**, 345 Saint Peter Street, Suite 1500, Saint Paul, MN 55102-1218, for plaintiff.

Jill Clark, **JILL CLARK, LLC**, 2005 Aquila Avenue North, Golden Valley, MN 55427, defendant *pro se*.

On February 10, 2012, the Director of the Office of Lawyers Professional Responsibility ("OLPR") filed a petition for disciplinary action against Jill Clark. On March 2, 2012, Clark filed an answer to the petition. The Minnesota Supreme Court referred the petition to the Honorable Gerald J. Seibel, District Court Judge for the Eighth District of the State of Minnesota. An evidentiary hearing is scheduled for June 25, 2012. On June 8, 2012, Clark filed a notice of removal with this Court. Clark alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and D. Minn. L.R. 83.6. Specifically, Clark alleges that there is federal jurisdiction because the disciplinary action violates her federal rights, including her rights under the First Amendment. OLPR requests that this Court remand this action *sua sponte* to the state court pursuant to 28

U.S.C. § 1447(c).  The Court will remand this matter to the state court because Clark failed to comply with 28 U.S.C. § 1446(b) and because this Court lacks subject matter jurisdiction.

First, the notice of removal filed by Clark was untimely.  Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within 30 days after the receipt . . . of a copy of the initial pleading . . . [or] of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Thirty days has expired since OLPR filed the petition for disciplinary action in state court.

Clark argues that events in the past thirty days have alerted her to the removable nature of this action.  For example, she alleges that, in the past thirty days, she discovered material that was relevant to violations of her First Amendment rights.  However, Clark's answer, filed in the state court on March 2, 2012, alleges that the disciplinary action violated her First Amendment and other federal rights.  It is thus evident that Clark was aware of federal issues allegedly implicated by the state court proceeding within thirty days after the filing of the petition.  Accordingly, Clark's thirty days to remove the case has expired.  *See Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980) ("[T]he time limitations of 28 U.S.C. § 1446(b) . . . are mandatory and are to be strictly construed[.]").

Second, Clark has not established that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and D. Minn. L.R. 83.6.  This Court does not have jurisdiction to administer disciplinary proceedings regarding the state licenses of attorneys admitted to

the state bar. *In re Rhodes*, 370 F.2d 411, 413 (8th Cir. 1967).[1]  Furthermore, the fact that Clark has asserted federal rights in this proceeding does not grant this Court jurisdiction. To obtain the right to remove, Clark must demonstrate that there is a state law preventing her from raising federal claims in state court or a basis for an "equally firm prediction" that she will be unable to protect her federal rights in state court. *See Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997).  The Court has reviewed all of the materials submitted by Clark, and finds that Clark has not shown any likelihood that she will be unable to raise her federal claims in state court.  This Court therefore has no subject matter jurisdiction.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Minnesota Supreme Court.  The Court declines to rule on the Motion to Intervene filed by Jill Clark, P.A., and Jill Clark, LLC [Docket No. 6].

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 15, 2012              ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                       United States District Judge

---

[1] *See also In re Daly*, 189 N.W.2d 176, 179 (Minn. 1971) ("[The state court has a] responsibility to protect the public, the administration of justice, and the profession by imposing disciplinary sanctions, including removal from practice, upon those attorneys who, after careful investigation, proper notice, and hearing, are found to have demonstrated that they do not possess the qualities of character and the professional competence requisite to the practice of law.") (internal quotation marks omitted).